UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES D. LYONS, | ) | Case No. 4:03 CV 1620 |
| | ) | |
| Plaintiff, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| SUZANNE BRANDLY, et al., | ) | (Regarding Docket Nos. 99, 100, |
| | ) | 102, 121) |
| | ) | |
| Defendants. | ) | Magistrate Judge James S. Gallas |
| | ) | |

*Plaintiff's Motion for Reconsideration or Alternatively Motion to Transfer Pursuant to 28 U.S.C. §1631 (Docket No. 99), and Motion to Transfer Pursuant to 28 U.S.C. §1631 or Alternatively Motion to Dismiss Pursuant to Rule 41(a) (Docket No. 100):*

The subject of plaintiff James D. Lyons' motions for reconsideration and for transfer (Docket Nos. 99, 100) is the September 14, 2004 order dismissing Dr. Charles Ray for lack of personal jurisdiction. Dr. Ray opposes these motions (Docket No. 101). Both Dr. Ray and plaintiff debate the timeliness of these motions but insofar as the request for transfer is concerned — that is not an issue.

Plaintiff requests that the court transfer to the Eastern District of Kentucky to cure want of jurisdiction under 28 U.S.C. §1631. This rule provides in pertinent part that when the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was

4:03 CV 1620                                                                 2

filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date on which it was actually filed in or noticed for the court from which it was transferred." 28 U.S.C.A. §1631 (West 1994).

In his first motion for transfer (Docket No. 99) plaintiff outlines that he wishes to transfer "individual claims Count V (Dr. Ray) and consider additionally transferring Count IV (F.M.C. Lexington Federal Defendants) to the Eastern District of Kentucky . . . (to cure lack of jurisdiction)." (Docket No. 99 pg. 2). Further, "Counts I, II & III would remain venued in the Northern District of Ohio, Counts VI and VII and Lyons' supplement complaint would then be transferred accordingly." *Id.* Lyons is correct that bifurcation of a case is possible to cure jurisdictional defects. See *Galloway Farms, Inc. v. U.S.*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (Courts have exercised their section 1631 transfer powers but not usually, or preferably, in the form of bifurcation of claims"); *U.S. v. County of Cook, Illinois*, 170 F.3d 1084, 1087 (Fed. Cir. 1999); *Cimon v. Gaffney*, 401 F.3d 1 *7 n. 20 and n. 21 (1st Cir. 2005). Further, at least in the Sixth Circuit, the debate over whether §1631 allows transfer for lack of personal jurisdiction has been answered affirmatively in *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003). The Sixth Circuit has found §1631 "...applies to federal courts identifying any jurisdictional defect, regardless of whether it involves personal or subject matter jurisdiction." *Id.* Dr. Ray's arguments to the contrary are not persuasive. Yes, plaintiff did allow considerable time to elapse before seeking transfer. However, plaintiff did not appreciate the jurisdictional issue until the doctor raised it.

4:03 CV 1620                                            3

Plaintiff elaborates further on transfer of Count IV in his motion to transfer pursuant to 28 U.S.C. §1631 or alternatively motion to dismiss pursuant to Rule 41 (Docket No. 100). The defendants listed in Count IV, "F.M.C. Lexington Defendants," are Dr. Marrero, Dr. Growse, Gerry Payne and Warden Maryellen Thomes. Unlike Dr. Ray, the Count IV defendants have not filed a Rule 12(b) motion asserting lack of personal jurisdiction. Rather, in their answer filed by the Assistant U.S. Attorney on behalf of the "federal defendants," they raise the defense of insufficient service (Docket No. 15).[1] The distinction is critical. While a §1631 transfer can cure lack of personal jurisdiction, it cannot cure a lack of service of process.

Consequently, plaintiff's request to transfer Dr. Ray and the allegations of Count V in the amended complaint should be granted under 28 U.S.C. §1631 to allow for personal jurisdictions in the Eastern District of Kentucky, but Count IV's allegations involving the federal defendants at F.M.C. Lexington cannot be transferred until the issue of sufficiency of service has been resolved.

This leads to plaintiff's request for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Plaintiff states that if the dismissal of Dr. Ray is reaffirmed and the court denies the motion to transfer Count IV regarding the F.M.C. Lexington defendants, then he requests the court order voluntarily dismissal of Maria Marrero, Dr. Michael Gross, Ms. Gerry Payne and Warden

---

[1] The defendants identified in Count IV were served by plaintiff as "federal defendants" (Docket No. 22).

4:03 CV 1620                                        4

Maryellen Thoms without prejudice (Docket No. 100, pg. 3). It is recommended that the court grant this request and dismiss the aforementioned defendants without prejudice.

Finally, there is the lagging request for the transfer of Counts VI and VII under 28 U.S.C. §1631. This request should not be granted. First plaintiff has failed to identify the district he seeks transfer. More importantly, the named defendants in Counts VI and VII, Chris Williams, Chief Medical Officer Goforth, L. Smith, E. Barby, Dr. Ellen Blair, Brian Jett, Bob Ellis, Mary Ellis and Borden Arthur Beeler, have also raised the defense of insufficiency of service of process. (See Docket Nos. 15, 22). Again, transfer will not cure this potential defect.

*Reconsideration portion of Docket No. 99:*

Dr. Ray opposes the motion for reconsideration as untimely. The undersigned, though, in deference to plaintiff's ongoing medical procedures does not find the motion to be untimely. Nevertheless, reconsideration should be denied.

To begin, it is uncertain whether plaintiff's motion for reconsideration should be treated as falling under Fed. R. Civ. P. 59(e) or 60(b). Nevertheless, "[t]he Rule 59(e) motion may not be used to relitigate old matters. . ." *Zimmerman v. City of Oakland*, 255 F.3d 734 (9th Cir. 2001); *Fox v. American Airlines, Inc.*, 295 F.Supp.2d 56 (D. D.C. 2003); and see 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §2810.1 p. 127 (1995). Likewise, plaintiff's rehash of prior

4:03 CV 1620                                     5

arguments raised in his objections to the interim report does not fall within any of Rule 60(b)'s permissible topics. Consequently, this part of Docket No. 99 requesting reconsideration should also be denied.

Accordingly, it is recommended only that the Court transfer Count V pursuant to 28 U.S.C. §1631 to allow for personal jurisdiction on Dr. Ray and further that the court order the voluntary dismissal of the aforementioned defendants of Count IV pursuant to Rule 41(a)(2) without prejudice. Transfer of Counts IV, VI and VII should be denied.

*Dr. Ray's Motion to Enter Final Judgment (Docket No. 102):*

Dr. Ray requests that the court follow through with final judgment on the September 14, 2004 order of dismissal for lack of personal jurisdiction by setting forth pursuant to Rule 54(b) that there is no just reason for delay. Given that the dismissal was solely due to lack of personal jurisdiction in the undersigned's recommendation upon plaintiff's motion that Count V should be transferred to the Eastern District of Kentucky to allow for personal jurisdiction, it is recommended that requests for entry of final judgment for Dr. Ray be denied.

*Plaintiff's Motion for Judicial Review and Directed Order (Docket No. 121):*

Plaintiff's motion for judicial review and directed order seeks transfer of this matter to the Eastern District of North Carolina. However, plaintiff has not made a strong case for transfer of venue under 28 U.S.C. §1391 or 1404. This Court has previously overruled Dr. Ray's challenge to venue

4:03 CV 1620                                                          6

finding venue proper in the Northern District of Ohio under 28 U.S.C. §1391(b)(2).  Lyons also argues Judge Polster's decision in another case, *Lyons v. Azam*, 58 Fed. Appx. 85 (6th Cir. Ohio 2003), where Judge Polster held that plaintiff's complaint for injunctive relief was moot given that he had no longer incarcerated in that facility had been moved to another facility.  Plaintiff has fears of return to F.C.I. Elkton and believes perhaps that transfer will secure his confinement at F.M.C. Butner. Plaintiff provides no persuasive reasons to change venue.  The other reasons given by Lyons are primarily his dissatisfaction with the undersigned's rulings.  Change of venue was not intended as a vehicle for judge-shopping.

## *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons it is recommended that plaintiff's motion for reconsideration and/or motion to transfer (Docket No. 99) and motion for transfer or alternatively motion to dismiss (Docket No. 100) be granted in part only to the extent of ordering transfer to cure jurisdictional defects in Count V with respect to Dr. Ray pursuant to 28 U.S.C. §1631, and to further order dismissal without prejudice of the defendants named in Count IV pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  All other requests in these motions should be denied.  Further, Dr. Ray's motion to enter final judgment should be denied as well as plaintiff's motion for judicial review and directed order (Docket Nos. 102, 121).

                                                               s/James S. Gallas
                                                          United States Magistrate Judge

4:03 CV 1620                                                    7

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

August 24, 2005