UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES D. LYONS, | ) | Case No. 4:03 CV 1620 |
| | ) | |
| Plaintiff, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | O R D E R |
| | ) | (Resolving Docket No. 138, 144) |
| SUZANNE BRANDLY, et al., | ) | |
| | ) | |
| Defendants. | ) | Magistrate Judge James S. Gallas |
| | ) | |

*Supplemental Complaint (Docket No. 138):*

Plaintiff has moved for leave to file a supplemental complaint (Docket No. 138). He explains that this amendment concerns "ongoing violations" under what he deems to be the continuing treatment doctrine that followed transfer to FMC Butner during and his November 2003 return to FCI Elkton. For relief on his additional claims, he explains on page 50 of the proposed amendment that he seeks additional medical treatment, an independent medical examination by a qualified urological specialist, continued medical care at Duke University Medical Center, appointment of a special master in the Eastern District of North Carolina to monitor the requested independent medical examination and injunctive relief against the Bureau of Prisons from transferring Lyons without resolving his urological medical needs.

It is interesting to note that initially Lyons referred to the treatment provided at FMC Butner as the comparator to the alleged lack of treatment provided at FCI Elkton and the Franklin County Jail. When Judge Gwin handled this matter initially in 2003, Lyons was transferred from FCI Elkton

4:03 CV 1620                                                      2

to FMC Butner to obtain urological treatment (See Docket No. 18, 20, and Docket No. 43, amended complaint).

Apparently now plaintiff believes that treatment at FMC Butner was not the panacea that he believed it was and he seeks to file an amended complaint detailing allegations of a lack of medical treatment from 2003 to approximately November 30, 2005.  The undersigned notes that the case management conference order in this matter from March 30, 2004 imposed a deadline for filing motions to amend or add parties of May 3, 2004, but considering that the deadline for filing dispositive motions was October 11, 2004 and the federal defendants have obviously ignored this deadline, then it is only fair that the deadline for amendment also be ignored in this matter.

Undue delay alone does not provide sufficient grounds to deny an amendment to the pleadings.  This is a point which is stressed in this circuit.  See *Davis v. Therm-O-Disc, Inc.*, 791 F.Supp. 693, 695 (N.D. Ohio 1992); *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987); *General Electric Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  Rather, the court must consider a combination of factors: undue delay in filing; lack of notice to the opposing party; bad faith by the moving party; repeated failure to cure deficiencies by previous amendments; undue prejudice to the opposing party; and futility of amendment.  *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973); *Marks,* 830 F.2d at 69; *General Electric Co.*, 916 F.2d at 1130; *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).  The two critical factors are notice and undue prejudice. *Brooks*, 39 F.3d at 130.

4:03 CV 1620                                                    3

Lyons' amended complaints have always relied on the continuing violation theory (See Docket Nos. 6, 43). However the problem with the proposed amendment is that it adds numerous new defendants in both their individual and official capacities well after the discovery period has passed and without any prior notice. Thus there is lack of notice and undue prejudice to the proposed set of defendants. Second, there is an element of futility because it appears that Lyons is claiming that the Bureau of Prisons is a racketeer influenced corrupt organization (RICO) from which he seeks civil damages under 18 U.S.C. §1961 through 1965. Third, the court does not see this as a continuation because there is a clear attenuation of the medical treatment prior to his return to FMC Butner in November 2003 due to failure of his perineal urethrostomy and other urological complications (see ¶17, Docket No. 138). The allegations in the case, as it presently stands, concern medical treatment through the time of the surgical procedure, whereas the proposed amendment is based on the failure of the surgical procedures. While the amendments would not necessary prejudice the existing parties in the sense that new amendments are added, they would make matters far more complex because of claims against a new set of defendants in both their official and individual capacities. Accordingly, Lyons' motion to amend his complaint (Docket No. 138) is denied.

*Final Judgment (Docket No. 144):*

Lyons has moved the court to certify final judgment pursuant to Rule 54(b) from the decision granting summary judgment in favor of defendant, Dr. Bradford T. Black (see Docket Nos. 84, 108, 112, 144). Dr. Black in opposition merely reminds the court of its obligation to review the non-exhaustive list of factors from *Corrosioneering, Inc. v. Thyssen Envtl. Sys. Inc.*, 807 F.2d 1279, 1283

4:03 CV 1620                                                    4

(6th Cir. 1986).  See also *Akers v. Alvey*, 338 F.3d 491 (6th Cir. 2003); *Lowrey v. Federal Express Corp.*, 426 F.3d 817 (6th Cir. 2005).  Judge Economus had referred this motion to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A) and Rule 72(a) and Local Rule 72.1 to hear and resolve.  A hearing is not necessary because the motion has become moot.

Previously the court found with regard to Dr. Black that Lyons had not sustained his claim against Dr. Black for medical malpractice under state law and failed to sustain his Eighth Amendment claim of deliberate indifference to serious medical needs (Docket Nos. 108, 112).  Of the nine exhaustive list of factors from *Corrosioneering* — the third factor — is the possibility that the reviewing court might be obliged to consider the same issue a second time, is key.  *Id.* 807 F.2d at 1283.[1]

There is substantial overlap between the issues on which Dr. Black prevailed and the issues in the federal defendants' motion to dismiss. (Compare Docket No. 153).  Further until the issues are resolved with respect to the medical attention received from the federal defendants, there is a strong nexus between the unadjudicated and adjudicated claims (first factor).  At this time, though,

---

[1] The non-exhaustive list of factors were:
(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second tie; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.  Depending upon the factors of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under rule 54(b).

*Corrosioneering*, 807 F.2d at 1283.

4:03 CV 1620 5

it is contemplated that the court will enter final judgment now that the long-awaited dispositive motion has been presented by the federal defendants, and with that final adjudication Lyons' motion (Docket No. 144) will become moot.

    IT IS SO ORDERED.

                                                      s/James S. Gallas
                                                  United States Magistrate Judge

Dated: July 14, 2006