UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES D. LYONS, | ) | Case No. 4:03 CV 1620 |
| | ) | |
| Plaintiff, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| SUZANNE BRANDLY, et al., | ) | (Docket Nos. 148, 153) |
| | ) | |
| Defendants. | ) | Magistrate Judge James S. Gallas |
| | ) | |

The plaintiff, James D. Lyons, proceeding *pro se*, brought this civil action in 2003, which asserted state-law claims for negligence and medical malpractice, federal claims for violation of his Eighth Amendment rights by individuals (*see Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and a supplemental Federal Torts Claim Act ("F.T.C.A.") claim against United States. Essentially, Lyons alleges that upon incarceration in August, 1998, he informed prison officials that he suffered from an urological urethral stricture but that a series of prison officials and medical service providers neglected to treat his urological condition, thereby causing permanent injuries and pain and suffering.

4:03 CV 1620                                                    2

*Motion to Dismiss and/or Motion to Change/Transfer Venue (Docket No. 153):*

The federal defendants have belatedly moved for dismissal or transfer of this civil action primarily upon Fed. R. Civ. P. 12(b)(3), on the basis of improper venue (Docket No. 153).[1] In their brief additionally the federal defendants challenge the merits of Lyons' alleged denial of medical care, incorporating the affidavit of Darrin Howard, in his capacity as Bureau of Prisons record custodian (Docket No. 153).

*Venue:*

"A Rule 12(b)(3) motion to dismiss for improper venue is simply the procedural vehicle by which to challenge improper venue." *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002). Use of this procedural vehicle, however, is restricted because "[v]enue is largely a matter of litigational experience; accordingly it is waived if not timely raised[,]" *Wachovia Bank v. Schmidt*, - U.S. - ,126 S.Ct. 941, 950, 163 L.Ed.2d 797 (2006) (referring to Fed. R. Civ. P. 12(h)(1)).

The federal defendants had answered but did not raise improper venue. (See Docket Nos. 15, 53). Consequently, the defense of improper venue has been waived. See Fed. R. Civ. P. 12(h)(1)(B). The omission could have been overcome, since Rule 12(h)(1)(B) specifically permits amendment of the answer pursuant to Rule 15(a) to circumvent the procedural roadblock, but the

---

[1] Without question the federal defendants' motion was untimely. This dispositive motion deadline set on March 30, 2004, was October 11, 2004 (See Docket No. 42). This motion filed on March 24, 2006 was nearly 1 1/2 years late. However, in mutual fairness, the undersigned did not reject Lyons' belated motion to amend the complaint (Docket No. 138), filed on December 8, 2005, on the basis that it was filed nearly 1 1/2 years after the May 3, 2004 amendment deadline (See Docket No. 42).

4:03 CV 1620                                           3

federal defendants have not so moved. Since the federal defendants did not assert or imply the defense of improper venue in their answers, they waived the defense of improper venue, and their motion to dismiss or transfer on venue grounds should be denied.

*Summary Judgment, Pursuant to Rule 56:*

In addition to asserting the defense of improper venue, the federal defendants also move for dismissal of Lyons' claims "because Lyons is housed in a medical facility and obtaining medical care, has no expert testimony to sustain his malpractice claims, the public health officers he has sued are immune from suit[,] and the warden and correctional officers were not involved in his treatment and care."

Obviously this is not a matter covered by Rule 12(b)(3) concerning venue. It is rather a clumsy assertion of summary judgment under Rule 56. Even though the federal defendants may contemplate that they have brought a Rule 12(b)(6) motion to dismiss for failure to state a claim, their post-answer motion is governed by Rules 12(c), 12(g) and 12(h)(2), which "expressly except" the defense of failure to state a claim from Rule 12's waiver provisions. See *English v. Dyke*, 23 F.3d 1086, 1090-91 (6th Cir. 1994). Further, as Rule 12(c) provides, if matters outside the pleadings are presented, then the motion, "shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]" Lyons has accepted the federal defendants' motion with its supporting affidavit as one for summary judgment and responded to it accordingly with numerous exhibits (See Docket No.   158).  However Lyons' opposition does not overcome the federal defendants' arguments.

4:03 CV 1620                                              4

Under Rule 56 of the Federal Rules of Civil Procedure granting a motion for summary judgment is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In determining whether there is a genuine issue of material fact, all inferences drawn from the underlying facts contained in affidavits, pleadings, responses to discovery requests, and depositions must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). A court must inquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court may not make credibility determinations or weigh the evidence when ruling on a motion for summary judgment. *Anderson*, 477 U.S. at 255. The burden is upon the movant to demonstrate the absence of a genuine issue of material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979), *cert. dismissed* 444 U.S. 986 (1979). However, the nonmoving party is obliged to produce some evidence other than mere pleadings themselves to demonstrate that there is a genuine issue for trial. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must produce significant probative evidence in support of the complaint to defeat the motion for summary judgment through affidavits or admissions on file. *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993). In the final analysis, "the threshold inquiry ...[is] whether there is a need for trial -- whether in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor

4:03 CV 1620                                                                 5

of either party." *Anderson*, 477 U.S. at 250; *Moore*, 8 F.3d at 340. Once the nonmoving party has responded , the court must view the facts in the light most favorable to the nonmoving party. *Darrah v. City of Oak Park,* 255 F.3d 301, 304 n.1 (6th Cir. 2001).

*Federal Bivens claims against individuals for violation of 8th Amendment rights*

A prisoner asserting a *Bivens* claim, alleging that individual defendants violated his Eighth Amendment rights through their failure to provide sufficient and proper medical care, must establish that defendants showed "'deliberate indifference' to his 'serious' medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Terrance v. Northville Regional Psychiatric Hospital*, 286 F.3d 834, 843 (6th Cir. 2002). Such a showing has both objective and subjective components. *See Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Thaddeus-X v. Blatter*, 175 F.3d 1378 (6th Cir. 1999). The objective component requires a showing of "serious medical need," whereas the subjective component requires a showing that the defendant actually knew he was creating a substantial risk of harm and deliberately disregarded that risk by failing to take the measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811, (1994); *Helling*, 509 U.S. at 35-36; *Tucker v. Rose*, 955 F.Supp. 810, 815 (N.D. Ohio 1997). As the Supreme Court emphasized in *Wilson*, "the source of the intent requirement is . . . the Eighth Amendment itself, which bans only cruel and unusual *punishment*." 501 U.S. at 300. The Supreme Court elaborated that "if the pain inflicted is not formally meted out *as punishment* by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify." *Id.*

4:03 CV 1620                                              6

A court evaluating a prisoner's Eighth Amendment *Bivens* complaint must "inquir[e] into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment," *(Wilson*, 501 U.S. at 299), because only deliberate indifference "can violate the Eighth Amendment[;] allegations of 'inadvertent failure to provide adequate medical care' or of a 'negligent . . . diagnos[is]' simply fail to establish the requisite culpable state of mind." *Id.* at 297 (emphasis and internal citations omitted) (quoting *Estelle*, 429 U.S. at 106). This distills to the basic element that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

In the present case, the defendants' answer concedes that Lyons suffered from a urological condition, (Def. Answer at ¶1). Lyons and the Defendants agree that he received various treatments for this condition, and Lyons' complaint raises a troubling time-line of care that alleges delays in receiving exams and treatments. Still, Lyons fails to address the subjective culpability of the individual defendants. While Lyons has submitted his medical records and materials explaining his condition, he has submitted no evidence that any deficient treatment was the result of deliberate indifference. Lyons' failure to establish deliberate indifference on the part of the individual *Bivens* defendants is fatal, and summary judgment should be granted for the individual defendants named in Counts II, VI, and VII of Lyons' amended complaint.

4:03 CV 1620                                              7

*State Law Claim of Malpractice – Lack of Expert Testimony:*

The defendants also contend that Lyons' "medical malpractice claims must fail because he has failed to present any expert testimony," (Motion at 5). "Under Ohio law, a medical malpractice plaintiff must present expert medical testimony as to the standard of care required of a physician." *Jewell v. Holzer Hosp. Foundation, Inc.*, 899 F.2d 1507, 1510 (6th Cir. 1990) (*citing Bruni v. Tatsumi,* 46 Ohio St.2d 127, 346 N.E.2d 673 (1976)). In Count I of his amended complaint, Lyons names nurses Brandly, Blankenship, and Burford, and Dr. Spagna as individual defendants, claiming that their negligence caused his injuries. (Amended Complaint at 57). Responding to the defendants' assertion that he lacks expert testimony necessary to sustain a claim of malpractice, Lyons emphasizes that his case is primarily based on ordinary negligence, not malpractice, and that malpractice standards apply only to physicians. (Pl. Resp. to Mot. to Dismiss at 35). Lyons also contends that expert testimony is not necessary when the alleged negligence is "within a layperson's realm of understanding." (Pl. Resp. to Mot. to Dismiss at 37). Accordingly, this Court must consider the applicable standard of care and whether it applies to nurses, and whether the alleged negligence requires the support of expert testimony.

Generally, "[i]n negligence cases the duty is always the same: to conform to the legal standard of reasonable conduct in the light of apparent risk." *Berdyck v. Shinde*, 66 Ohio St.3d 573, 578, 613 N.E.2d 1014, (1993). If, however, "a condition by its nature requires the application of knowledge and skill superior to that of the ordinary person, one who possesses that superior knowledge and skill and who fails to employ it for the benefit of another when their relation requires it will be held liable for injuries proximately resulting from that failure." *Id.* at 579. When an

4:03 CV 1620                                                                 8

individual possesses such a specialized skill, he or she "must use the care and skill reasonable in the light of their superior learning and experience, not simply a minimum standard of care." *Id.* While the standard of care applicable expected from a nurse may be lower than the standard of care expected from a physician, a nurse's duty is still greater than the duty of a reasonable person in that a nurse must perform reasonably in light of knowledge and experience common to the nursing profession. *See Id.* at 580-581; *Albain v. Flower Hosp.*, 50 Ohio St.3d 251, 265, 553 N.E.3d 1038 (1990). While Lyons is correct to the extent that doctor's and nurses are not held to the same standard, his claim that his case is one of ordinary negligence is incorrect.

Because doctors and nurses are held to a higher standard, expert testimony is necessary in determining whether these specialists have performed their duties. *See Bruni*, 46 Ohio St.2d at 130 (holding that the standard of care for doctors must be established by experts); *Berdyk*, 66 Ohio St.3d at 581; *and see Ramage v. Central Ohio Emergency Serv., Inc*. 64 Ohio St.3d 97, 102-103, 592 N.E.2d 828 (1992) (holding that where the negligence action involves the professional skill and judgment of a nurse, expert testimony is required to prove the relevant standard of conduct). Lyons' is correct in stating that Ohio provides an exception to the expert testimony requirement where the negligence "is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it, and in such case expert testimony is not necessary." *Bruni*, 46 Ohio St. 2d at 130 (citing *Hubach v. Cole*, 133 Ohio St. 137, 12 N.E.2d 183 (1938). As the Ohio Supreme Court indicated in *Berdyk*, however, application of this exception is limited. 66 Ohio St.3d at 581 (noting that the exception had primarily applied to instances of patients falling out of beds); *See also Czarney v. Porter*, 2006 WL 1360503, *6 (Ohio Ct. App. Dist.

4:03 CV 1620                                                9

8 2006) (holding that "expert testimony was not required to show that the nursing staff may have been negligent in failing to follow physician orders"). In the present case, Lyons' negligence claim includes allegations that the medical staff provided insufficient, improper treatment. (Amended Complaint at 57). The alleged negligence is not a matter of common knowledge; rather, the trier-of-fact must determine whether the medical care was in fact insufficient or improper. In order to make this determination, expert testimony is necessary. Lyons' failure to present expert testimony is fatal to his negligence claims against nurses Brandly, Blankenship, and Burford, and Dr. Spagna. Consequently, summary judgement in favor of these defendants should be granted on this state law claim of medical malpractice (Count I).

*Supplemental Complaint:*

In February, 2004, Lyons filed a supplemental complaint, (Docket No. 43), alleging "deliberate indifference and/or gross negligence," and adding the United States Government as defendant to his claim under the Federal Tort Claims Act (FTCA). Defendants argue immunity under the FTCA. The Liability Reform Act establishes absolute immunity for government employees, making an FTCA action against the government the exclusive remedy for torts committed by government employees in the scope of their employment. See *U.S. v. Smith*, 499 U.S. 160, 163, 111 S.Ct. 1180, 134 L.Ed.2d 134 (1991); 28 U.S.C. §2679(b)(1). However, under 28 U.S.C. §2679(d)(1) the Attorney General, "is required to certify that the original defendant (the Government employee) 'was acting within the scope of his office and employment at the time of the incident out of which the claim arose.'" *Smith*, 499 U.S. at 164 n. 5; *Arbour v. Jenkins*, 903 F.2d 416, 421 (6th Cir. 1990); *Coleman v. U.S.,* 91 F.3d 820 (6th Cir. 1996); *RMI Titanium Co. v.*

4:03 CV 1620                                           10

*Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996); *Singleton v. U.S.*, 277 F.3d 864 (6th Cir. 2002).  However, the Attorney General has not so certified defendants as required under 28 U.S.C. §2679(d)(1), and there consequently can be no immunity.  The federal defendants have created an awkward legal situation.

Due to this lack of certification the United States has not been substituted in place of the federal defendants, so there are FTCA claims and *Bivens* claims against the individual federal defendants and an FTCA claim against the United States.² As a result the federal defendants are seeking to establish the lack of merit of Lyons' claim against the United States *and* the individuals in the supplemental pleading accused of negligence under the FTCA.

Related to this, federal defendants claim immunity with reference to Judge Economus' decision in *Navarrete v. Vanyur*, 110 F.Supp.2d 605 (N.D. Ohio 2000), which held that a federal prisoner could not maintain a *Bivens* action against medical service providers because it was subsumed under the FTCA.  The case stands for the proposition that Congress has expressly made the FTCA an inmate's sole remedy for injuries received due to Public Health Service Officers acting within the scope of  employment.  *Id.*, 110 F.Supp.2d at 606; and see *Carlson v. Green*, 446 U.S. 14, 18-19, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (*Bivens* action may not be maintained when Congress has provided a substitute remedy for recovery which is equally effective).

---

² The federal defendants appeared to have been confused in their answer to the amended and supplemental complaint (Docket No. 53), since the captain identifies the defendant as the Federal Bureau of Prisons, which is not party to the action.  This answer appears to be responsive to the allegations from Case No. 4:03 CV 0244, *Lyons v. United States*.

4:03 CV 1620                                                    11

What defeats this argument, though, is the lack of certification from the Attorney General that the federal defendants were acting within the scope of their employment, and the lack of any evidence that federal defendants were Public Health Service Officers. It is a reasonable assumption that the federal medical service providers were so employed, but nothing in their affidavit avers this. The federal defendants fail to establish the Public Health Service Officer "immunity" that they claim.

In any event, Lyons' FTCA claims of medical malpractice fail for the same reasons as under state law. See 28 U.S.C. §1346(b); *Rayonier, Inc. v. U.S.*, 352 U.S. 315, 318, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957); *Vance v. U.S.*, 90 F.3d 1145, 1148 (6th Cir. 1996). An expert is required to show that the medical provider failed to conform to the applicable standard of care. See *Vance*, 90 F.3d at 1148; *Shedden v. U.S.*, 101 Fed. Appx. 114, 116 (6th Cir. 2004) (lack of medical expert in matter governed by Ohio law is a matter to be resolved in a motion for summary judgment, rather than as a failure to state a claim). Consequently, summary judgment should be enforced on Lyons' FTCA claims against both the United States and all individuals identified in the supplemental pleading.

*Motion to Reconsider (Docket No. 148):*

Plaintiff James D. Lyons seeks to reassert his withdrawal of his request to dismiss Count 4 in what he has titled a motion to reconsider order (Docket No. 148). Previously on August 24, 2005 the undersigned recommended to the court to grant Lyons' own request to dismiss Count 4 of the Amended Complaint. Lyons had identified the defendants in Count 4 as the "F.M.C. Lexington

4:03 CV 1620                                                           12

Defendants" and had served them as the "federal defendants" (See Docket No. 22). In their answer filed by the Assistant U.S. Attorney on their behalf, they raised the defense of insufficient service (Docket No. 15). At issue at the time was the request under 28 U.S.C. §1631 to transfer that part of the case to the Eastern District of Kentucky. The undersigned noted that §1631 cannot cure inadequate service of process. The undersigned then recommended granting Lyons' request for voluntary dismissal in lieu of transfer explaining:

> This leads to plaintiff's request for voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure. Plaintiff states that if the dismissal of Dr. Ray is reaffirmed and the court denies the motion to transfer Count IV regarding the F.M.C. Lexington defendants, then he requests the court order voluntarily dismissal of Maria Marrero, Dr. Michael Gross, Ms. Gerry Payne and Warden Maryellen Thomas without prejudice (Docket No. 100, pg. 3). It is recommended that the court grant this request and dismiss the aforementioned defendants without prejudice. (Docket No. 124).

This recommendation was accepted by Judge Economus on December 28, 2005. In the interim Lyons had objected to this report and recommendation on September 29, 2005, a little more than a month later (Docket No. 128). Judge Economus noted specifically that the objections were untimely and he was rejecting them. It was in this objection, though, that Lyons withdrew his dismissal of Count 4 and related defendants (See Docket No. 128).

Now in his motion to reconsider (Docket No. 148) Lyons moves under Fed. R. Civ. P. 59 and 60 claiming that his motion for voluntary dismissal was actually a case of inadvertent dismissal (mistake) by him acting in a *pro se* capacity. Lyons' motion to reconsider is timely as he argues. However, Lyons had already allowed the objection period to lapse and cannot reinstate it by

4:03 CV 1620                                                                 13

objecting to the order adopting the report and recommendation. Further, his motion for voluntary dismissal does not qualify as a "mistake" for purposes of Rule 60(b) for relief from this order. Lyons' dilatory action has waived any recourse, and accordingly the motion to reconsider order (Docket No. 148) should be denied.

### *CONCLUSION AND RECOMMENDATION*

Based on review of the petition and applicable law, the defendants' motion to dismiss or transfer for improper venue should be granted in part. Based on review of the submitted facts and applicable law, the federal defendants' request for transfer under Fed. R. Civ. P. 12(b)(3) should be denied, but their request for dismissal, as deemed to be a motion for summary judgment should be granted to the individual defendants named in Lyons' *Bivens* claims and also granted to the individual defendants. Finally, Lyons' motion to reconsider should be denied.

                                                                    s/James S. Gallas
                                                              United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: July 17, 2006