**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JAMES D. LYONS,** ) | **CASE NO. 4:03CV1620** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **SUZANNE BRANDLY, et al.,** ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| **Defendant.** ) | |

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge James S. Gallas.  (Dkt. # 160).

In 2003, Plaintiff James D. Lyons ("Plaintiff") filed a *pro se* complaint and amended complaint with the Court, alleging, *inter alia*, state-law claims for negligence and medical malpractice, violations of his Eight Amendment rights under the United States Constitution, and violations of the Federal Tort Claims Act, Title 28 U.S.C. § 2671, *et seq*. (Dkt. #s 1, 6). Specifically, in Count I of his amended complaint, Plaintiff alleges negligence and medical malpractice under Ohio law against Defendants Suzanne Brandly, Enid Blankenship, Dr. Spagna, B. Burford, and EMSA Correctional Care. (Dkt. # 6, ¶¶ 318-326). In Counts II, VI, and VII of Plaintiff's amended complaint, he alleges Defendants Janet Bunts, Shirley Deeds, Daniel Hall, Moheb Sidhom, Ross Quinn, John Manenti, Mohammed Azam, Warden John

1

LaManna, Chris Williams, Chief Medical Officer Goforth, L. Smith, E. Barby, Ellen Blair, Brian Jett, Bob Ellis, Don Mary Ellis, and Warden Arthur F. Beeler failed to provide him with adequate medical attention in violation of Plaintiff's Eighth Amendment rights as outlined by the United States Supreme Court in Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). (Dkt. # 6, ¶¶ 327-337; 368-386).[1] On March 31, 2004, Plaintiff filed a supplemental Federal Tort Claims Act, Title 28 U.S.C. § 2671, *et seq*. claim against the United States of America. (Dkt. # 44).

The case *sub judice* was referred to Magistrate Judge James S. Gallas for general pre-trial supervision. (Dkt. #33). On March 24, 2006, Defendants Daniel Hall, Moheb Sidhom, Ross Quinn, John Manenti, Mohammed Azam, John J. LaManna, United States of America, Chris Williams, Goforth, L. Smith, E. Barby, Ellen Blair, Brian Jett, Bob Ellis, Mary Ellis, Arthur F. Beeler, Suzanne Brandly, Enid Blankenship, Dr. Spagna, B. Burford, EMSA Correctional Care, Janet Bunts, and Shirley Deeds, (the "Federal Defendants"), filed a motion to dismiss and/or transfer venue. (Dkt. # 153). Plaintiff filed his response in opposition to the Federal Defendants' motion on June 19, 2006. (Dkt. # 158).

Magistrate Judge Gallas issued a Report and Recommendation on July 17, 2006. (Dkt. # 160). In his report, Magistrate Judge Gallas recommended that the Federal

---

[1] This Court previously granted summary judgment to Defendant Bradford Black, M.D., on Count III of Plaintiff's amended complaint. (Dkt. # 112). Similarly, this Court ordered dismissal of Count IV of Plaintiff's amended complaint on September 30, 2005. (Dkt. # 130). Count V of Plaintiff's amended complaint, alleging deprivation of medical care and medical malpractice against Defendant Charles Ray, was transferred to the United States District Court for the Eastern District of Kentucky on September 30, 2005. (Dkt. # 92). The Court entered judgment in accordance with the order dismissing Count IV and transferring Count V on September 30, 2005. (Dkt. # 132).

Defendants' request for dismissal, as construed to be a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, be granted to the individual named defendants in Counts I, II, VI, and VII of Plaintiff's amended complaint. (Dkt. # 160).

The Magistrate Judge also recommended that summary judgment be granted in favor of the United States of America and the individual named defendants with regard to Plaintiff's Federal Tort Claim Act claims. (Dkt. # 160). The report further recommended that the Federal Defendants' request for transfer under Federal Rule of Civil Procedure 12(b)(3) be denied. (Dkt. # 160). Finally, the Magistrate Judge addressed Plaintiff's motion for reconsideration of this Court's order dated December 28, 2005, (Dkt. # 148), recommending that the Court deny the motion for reconsideration. (Dkt. # 160).

The Federal Defendants filed objections to the Magistrate Judge's report on July 31, 2006. (Dkt. # 162). In said objections, the Federal Defendants argue that their motion to dismiss should be granted in its entirety because Plaintiff cannot prove the objective and subjective components necessary to his Bivens claim. (Dkt. # 162). Plaintiff filed objections to the Magistrate Judge's report on August 21, 2006. (Dkt. # 164). Plaintiff contends that this Court should overrule the report and recommendation of the Magistrate Judge, thereby granting his motion to reconsider (Dkt. # 148) and denying the Federal Defendant's motion to dismiss (Dkt. # 153) in its entirety. (Dkt. # 164).

Plaintiff also renewed his request for additional discovery. (Dkt. # 164). Defendant Bradford Black, M.D. ("Black") filed a brief in response to Plaintiff's objections, asserting that Black both responded to all discovery and attempted to resolve all discovery disputes

3

with Plaintiff. (Dkt. # 165). Further, Black asserted that he was entitled to summary judgment, and that, insofar as Black was concerned, Plaintiff's objections should be denied. Plaintiff responded to Black's brief on September 1, 2006. (Dkt. # 169).

The Court has reviewed, *de novo*, the report and recommendation of the Magistrate Judge. For the reasons stated below, the Court declines to adopt the Magistrate's report and recommendation in its entirety.

In his report, Magistrate Judge Gallas construed the Federal Defendant's motion to dismiss as a motion for summary judgment pursuant to FED. R. CIV. P. 56. Rule 12(b) provides "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b).

FED. R. CIV. P. 12(b) authorizes the Court to treat a motion to dismiss under FED. R. CIV. P. 12(b)(6) as a motion for summary judgment under FED. R. CIV. P. 56 if matters outside the pleadings are presented to the court. Therefore, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion unless the motion is converted to one for summary judgment under FED. R. CIV. P. 56. See generally Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir.1997).

It is the intent of this Court never to allow a party to gain any advantage by filing a Fed. R. Civ. P. 12(b)(6) motion that refers to matters outside the pleadings in the hope that the Court will treat it as a motion for summary judgment. For these reasons, as a practical

4

matter the Court may simply deny a Fed. R. Civ. P. 12(b)(6) motion that depends on assertions outside the pleadings, counsel impliedly represents that the Court should consider those matters. Accepting that representation as correct, the Court must deny the motion unless summary judgment is appropriate. Summary judgment is not appropriate before the opposing party has had a reasonable opportunity for a response that shows there is a dispute of material fact.

In his report, the Magistrate Judge automatically converted the Federal Defendants' motion as one for summary judgment, noting that the Plaintiff "has accepted the federal defendants' motion with its supporting affidavits as one for summary judgment and responded to it accordingly with numerous exhibits." (Dkt. # 160). However, the United States Court of Appeals for the Sixth Circuit has noted that "[b]ecause of the risk of prejudicial surprise arising from the court's treating a motion to dismiss as a motion for summary judgment, Rule 12(b) further requires notice and an opportunity to supplement the record before the court enters summary judgment." Harrington v. Painter, 92 Fed. Appx. 126, 128 (6th Cir.2003)(citing Briggs v. Ohio Elections Comm'n, 61 F.3d 487, 493 (6th Cir.1995)). Failure to provide the parties with either constitutes reversible error. See Harrington, 92 Fed. Appx. at 129. The purported acquiescence of Plaintiff's *pro se* response does not absolve this Court from following the proper procedure in converting a motion to dismiss into one for summary judgment.

Therefore, the report and recommendation of the Magistrate Judge is hereby **VACATED in PART and ADOPTED in PART.** The portion of the Magistrate's report

5

addressing the Federal Defendants' Motion to Dismiss (Dkt. # 153) is **VACATED** and referred back to Magistrate Judge Gallas.  The Court **ADOPTS** the portion of the Magistrate's report denying Plaintiff's motion for reconsideration. (Dkt. # 148). Accordingly, Plaintiff's motion for reconsideration, (Dkt. # 148), is **DENIED**.

    **IT IS SO ORDERED**.

                                                    **/s/ Peter C. Economus - September 20, 2006**
                                                    **PETER C. ECONOMUS**
                                                    **UNITED STATES DISTRICT JUDGE**