UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES D. LYONS,** | ) | CASE NO.  4:03CV1620 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| **SUZANNE BRANDLY, et al.,** | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Plaintiff's Motion to Clarify District Judge's Order and Motion to Certify Orders for Interlocutory Appeal and Motion to Stay Proceedings Pending Appeal.  (Dkt. # 224).  Plaintiff has also filed a Motion to Expedite District Court's Ruling on the instant motion.  (Dkt. # 226).

**I. MOTION TO CLARIFY DISTRICT JUDGE'S ORDER**

On January 11, 2008, this Court issued an Order adopting the report and recommendation of Magistrate Judge Gallas, granting the Federal Defendants' Motion for Summary Judgment with respect to Counts II, VI, and VII of Plaintiff's Amended Complaint.  (Dkt. # 223).  Because of a typographical error in that Order, the Court inadvertently stated that the Federal Defendants' Motion for Summary Judgment was granted "with respect to Counts I, VI and VII of Plaintiff's Amended Complaint."  See (Dkt. # 223).  The error was called to the Court's attention by the instant Motion to Clarify the District Judge's Order, and the Court issued an Amended Order on January

1

28, 2008, stating the correct counts upon which summary judgment was granted. (Dkt. # 225).

The Court's Amended Order of January 28, 2008, made clear the Court's ruling on the Federal Defendants' Motion for Summary Judgment. Therefore, Plaintiff's Motion to Clarify District Judge's Order is **DENIED as MOOT**. (Dkt. # 224).

## II. MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL

Plaintiff seeks an order certifying several of the Court's orders for interlocutory appeal. Specifically, Plaintiff requests certification of twenty docket entries in the instant matter. See (Dkt. # 224 at 5 n.27-29). Not all of these entries are orders issued by the Court, however. From the substance of Plaintiff's Motion, the Court understands Plaintiff to be seeking certification of the following orders issued by the Court: (1) the Court's order of September 30, 2005, adopting the magistrate's report and recommendation that Plaintiff's Motion for Judicial Review and Directed Order be denied (Dkt. # 130); (2) the Court's order of December 28, 2005, re-adopting the magistrate's report and recommendation that Plaintiff's Motion for Judicial Review and Directed Order be denied, and overruling Plaintiff's objections to the report and recommendation (Dkt. # 142); (3) the Court's January 28, 2008, Amended Order (Dkt. # 225); and (4) the Court's orders of December 31, 2003, (Dkt. # 26), and December 28, 2005, (Dkt. #143), denying two separate Motions for Emergency Temporary Restraining Orders filed by Plaintiff.[1]

---

[1] Plaintiff argues that "[a]ll of Lyons' requests for injunctive relief should also be certified for appeal." (Dkt. # 224 at 5). He identifies such requests as the Motion for Emergency Temporary Restraining Order and his Amended Complaint. (Dkt. # 224 n.29). Upon review of the docket, the Court observes that Plaintiff has filed two motions

2

Plaintiff's Motion to Certify Orders for Interlocutory Appeal is made pursuant to 28 U.S.C. § 1292(b), which states in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Sixth Circuit has noted that "[c]ertification of an order under § 1292(b) is discretionary with the district court and is not subject to review." In re Powerhouse Licensing, LLC, 441 F.3d 467, 471 n.2 (6th Cir. 2006). "To obtain permission to appeal pursuant to § 1292(b), the petitioner must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993).  Furthermore, § 1292(b) certification "should be sparingly granted and then only in exceptional cases." Id.

The Court has reviewed the orders Plaintiff seeks to have certified, and finds no grounds on which to grant Plaintiff's motion.  None of the orders satisfies the criteria for certification under § 1292(b).  While each order perhaps involves controlling questions of law, the questions decided in each do not present substantial ground for difference of opinion.  As Plaintiff notes, "substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within

---

for temporary restraining orders, one on October 27, 2003, (Dkt. # 11), and one on December 8, 2005, (Dkt. # 137). Both were denied.

3

the controlling circuit; or (3) the circuits are split on the issue." Gaylord Entertainment Co. v. Gilmore Entertainment Group, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001); see also (Dkt. # 224 at 8-9).  The orders Plaintiff seeks to have certified do not fall into any of these three categories.  Therefore, the orders are not appropriate for certification pursuant to § 1292(b).  Accordingly, Plaintiff's Motion to Certify Orders for Interlocutory Appeal is **DENIED**.  (Dkt. # 224).

### III. MOTION TO STAY PROCEEDINGS PENDING APPEAL

Because the Court has denied Plaintiff's Motion to Certify Orders for Interlocutory Appeal, Plaintiff's Motion to Stay Proceedings Pending Appeal is **DENIED as MOOT**.  (Dkt. # 224).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Clarify District Judge's Order and Motion to Certify Orders for Interlocutory Appeal and Motion to Stay Proceedings Pending Appeal is **DENIED**.  (Dkt. # 224).  Plaintiff's Motion to Expedite District Court's Ruling is **GRANTED**.  (Dkt. # 226).

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

      **/s/ Peter C. Economus – April 22, 2008**
      **PETER C. ECONOMUS**
      **UNITED STATES DISTRICT JUDGE**